# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Clinton James Dennis, | No. CV 15–01840–PHX–SPL (DMF) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| v. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

**TO THE HONORABLE STEVEN P. LOGAN, UNITED STATES DISTRICT JUDGE:**

Petitioner Clinton James Dennis ("Petitioner" or "Dennis"), is currently incarcerated in the in the Arizona State Prison Complex in Florence, Arizona, serving an aggregate imprisonment sentence of over 190 years arising from jury trial convictions in two Maricopa County Superior Court cases which were consolidated for sentencing, CR 2001-006104 and CR 2001-005754. Petitioner filed a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition") (Doc. 1) on September 15, 2015. The Court required an answer to the Petition (Doc. 5). Respondents filed a Limited Answer (Doc. 15) asserting that the Petition should be dismissed. Petitioner did not file a reply. For the reasons below, undersigned recommends that the Petition be denied as untimely because it was filed years after AEDPA's 1-year statute of limitations expired.

## I. BACKGROUND

### A. Convictions and Sentences

Petitioner was convicted by jury trials, in Maricopa County Superior Court cases CR 2001-006104 and CR 2001-005754, of seven counts of sexual conduct with a minor, eight counts of molestation of a child, two counts of kidnapping, and one count each of sexual abuse, possession of dangerous drugs, and possession of drug paraphernalia. (Exhibits M, N, Q, R; Doc. 15-1 at p. 65-67, p. 78-110, p. 136-139, p. 140-146).[1]

After the jury trial in the drug/paraphernalia case CR 2001-005754, but before the jury trial in CR 2001-006104 regarding the molestation/kidnaping/sexual abuse charges, pursuant to state procedural rules, Petitioner had a settlement conference with an Arizona Superior Court judge who was not presiding in either of the cases (Exhibit QQ; Doc. 15-3 at p. 23-36).[2] Petitioner's counsel and a close friend of Petitioner were present in addition to the prosecutor (Doc. 15-3 at p. 23-25). The settlement judge cautioned Petitioner that in his experience as a judge and as a lawyer, his best guess was that Petitioner would not win the molestation/kidnaping/sexual abuse trial on all of the counts charged; the settlement judge further cautioned that if Petitioner lost on just one count it would mean a 13 to 27 year sentence and if on just two of the many counts, it would mean the equivalent of a life sentence (Doc. 15-3 at p. 30). The settlement judge pointed out that the plea offer had improved, would likely not get any better, and would give Petitioner a chance to get out of prison in his lifetime (Doc. 15-3 at p. 30-31). Petitioner told the settlement judge and the others present:

> [I]f I go with this deal, I want you to know I am going against my own conscience because I'm not guilty of what they're accusing me of, and they're lying.

---

[1] The referenced alphabetical exhibits were submitted with Respondents' Limited Answer, Doc. 15. The document and page references herein are to this Court's electronic record.

[2] A court reporter was present at the settlement conference, and the transcript is at Exhibit QQ, Doc. 15-3 at p. 52-67.

(Doc. 15-3 at p. 31). The settlement conference concluded with Petitioner stating that he would discuss the situation with his wife and then make a decision on the plea agreement offered by the following week (Doc. 15-3 at p. 35). Petitioner chose a jury trial over the plea offer (Exhibits M, N; Doc. 15-1 at p. 65-67, p. 78-110).

On February 22, 2002, Petitioner was sentenced on both cases to an aggregate of over 190 years of imprisonment after taking into account concurrently ordered sentences (Doc. 1 at p. 2; Exhibits O, S, T, GGG at p. 23-25; Doc. 15-1 at p. 111-124, p. 147-148, p. 149-153, Doc. 15-9 at p. 260-263). The drug case sentences were all ordered to be concurrently served with the longer sentences in the molestation/kidnaping/sexual abuse case (Exhibits T, GGG; Doc. 15-1 at p. 151-152, Doc. 15-9 at p. 260-263).

### B. Appeal Proceedings

On March 1, 2002, Petitioner filed a timely notice of appeal (Ex. U; Doc. 15-1 at p. 154-156). The opening brief asserted two claims: (1) that the trial court in the molestation/kidnaping/sexual abuse case abused its discretion by admitting prior consistent hearsay statements victims had made to their parents, police officers, and others; and (2) that the trial court erred in the drug/paraphernalia case by failing to sua sponte strike or rehabilitate prospective jurors who revealed bias during voir dire (Exhibit V; Doc. 15-1 at p. 157-212). The State filed a response, and Petitioner filed a reply (Exhibits W, X; Doc. 15-2 at p. 2-89, p. 90-125). On June 26, 2003, the Arizona Court of Appeals affirmed the convictions in a memorandum decision (Exhibit Y; Doc. 15-2 at p. 126-145). Petitioner did not seek review in the Arizona Supreme Court (Exhibit Z; Doc. 15-2 at p. 146-148; Doc. 1 at p. 3). The mandate issued on September 15, 2003 (Exhibit Z; Doc. 15-2 at p. 146-148).

### C. PCR Proceedings

#### 1. First PCR Proceedings

On October 15, 2003, Petitioner filed a notice of post-conviction relief (Ex. AA; Doc. 15-2 at p. 149-153). On October 24, 2003, the court appointed the Maricopa County Public Defender's Office to represent Petitioner, and set a deadline for filing a PCR petition (Ex. BB; Doc. 15-2 at p. 154-156). On January 6, 2004, the Maricopa

County Public Defender's Office filed a motion to withdraw as counsel, citing a conflict (Ex. CC; Doc. 15-2 at p. 157-161). The court granted the motion and appointed new counsel (Ex. DD; Doc. 15-2 at p. 162-163). Counsel for Petitioner subsequently filed a notice of completion of post-conviction review, stating that after reviewing the record, she could not find colorable claims to raise to the court (Ex. EE; Doc. 15-2 at p. 164-166). The court ordered that counsel remain on the matter in an advisory capacity to Petitioner through a final decision on the PCR proceedings and granted Petitioner an extension of time to file a *pro se* PCR petition (*Id.*).

On April 30, 2004, Petitioner filed a *pro se* PCR petition (Ex. FF; Doc. 15-2 at p. -167-180). On August 24, 2004, the State filed a response (Exhibit GG; Doc. 15-2 at p. 181-211). On September 27, 2004, the PCR court dismissed the petition from the sexual misconduct convictions and dismissed the PCR petition in the drug case, as it related to any sentencing issue, and indicated that the trial judge in the drug case would address issues arising from that trial (Exhibit HH; Doc. 15-2 at p. 212-214). On September 28, 2004, the judge who had presided over the trial in the drug case issued an order stating the court had considered the PCR Petition, and the State's response relating to that case, and found "no claim presented entitling Petitioner to relief" (Ex. II; Doc. 15-3 at p. 2-3). The court, thus, dismissed the petition (*Id.*)

Several years later, on July 31, 2007, the court received a letter from Petitioner stating:

> Is there a reason that I was not notified of your ruling of the rule 32 I filed? It has been over two years. What must I do to receive an answer from the court.

(Ex. JJ; Doc. 15-3 at p. 4-5). On July 31, 2007, the court responded to the postmarked letter of July 13, 2007, from Petitioner; the court stated that it had sent the pertinent orders to Petitioner's counsel and could not address why Petitioner did not receive notice of the ruling from his attorney (Ex. KK; Doc. 15-3 at p. 6-7). On July 31, 2007, the trial court forwarded the minute entries from September 27 and 27, 2004, the PCR rulings, as well as the July 31, 2007, minute entry directly to Petitioner (*Id.*). Petitioner did not file a

petition for review of the court's denial of his PCR petition (Doc 1 at p. 5).

### 2. Second PCR Proceedings

Years later, on January 22, 2013, Petitioner filed a second PCR petition (Exhibits LL, MM; Doc. 15-3 at p. 8-12, p. 13-36). Petitioner claimed that the United States Supreme Court's decisions in *Missouri v. Frye*, 132 S. Ct. 1399 (2012), and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012) regarding ineffective assistance of counsel for advice in plea negotiations, were changes in the law permitting him to file a new claim pursuant to Rule 32.1(g) of the Arizona Rules of Criminal Procedure (Ex. MM; Doc. 15-3 at p. 13-36).

The trial court dismissed the petition, finding that *Missouri v. Frye* and *Lafler v. Cooper* "did not change the law concerning effective assistance of counsel; they merely applied the right to counsel to a factual context," so that they were not changes in the law that would apply to Petitioner's case (Ex. NN; Doc. 15-3 at p. 37-40). The court also found that the United States Supreme Court decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), did not permit him to file an untimely notice in state court, and, citing Rule 32.4(a), concluded that Petitioner "fail[ed] to state a claim for which relief can be granted in an untimely Rule 32 proceeding" (Ex. NN; Doc. 15-3 at p. 37-40).

On March 4, 2013, Petitioner filed a petition for review in the Arizona Court of Appeals.(Ex. OO; Doc. 15-3 at p. 41-47). On June 12, 2014, the court of appeals issued a memorandum decision granting review, but denying relief and rejecting Petitioner's claim:

> *Frye* and *Lafler* are not significant changes in the law as applied in Arizona. At the time [Petitioner] claims he and his counsel were involved in plea negotiations, Arizona already recognized the right to effective assistance of counsel during the plea bargain process and that counsel must adequately communicate all plea offers to the defendant. *State v. Donald*, 198 Ariz. 406, 413, ¶¶ 14-17, 10 P.3d 1193, 1200 (App. 2000). [Petitioner] could have raised this claim in his first petition for post-conviction relief in 2004. Any claim a defendant could have raised in an earlier post-conviction relief proceeding is precluded. Ariz. R. Crim. P. 32.2(a)

(Ex. PP; Doc. 15-3 at p. 48-51). Petitioner did not seek review in the Arizona Supreme

Court (Doc 1 at p. 5).

## II. PETITIONER'S HABEAS CLAIMS

Petitioner filed a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition") (Doc. 1) on September 15, 2015. The Petition names Charles L. Ryan as Respondent and the Arizona Attorney General as an Additional Respondent. The Petition raises the following nine grounds for relief, none of which relates to ineffective assistance of counsel at the plea agreement negotiations phase:

1. Petitioner argues that his due process rights were violated when the trial court permitted the state to introduce hearsay evidence (Doc. 1 at p. 6);

2. Petitioner alleges he was never administered *Miranda* warnings (Doc. 1 at p. 7);

3. Petitioner alleges that no physical evidence "was sought . . . or presented by the state," and that he "was found guilty solely on someone's word" (Doc. 1 at p. 8);

4. Petitioner contends that his speedy trial rights were violated (Doc. 1 at p. 9);

5. Petitioner argues that he was denied a preliminary hearing, in violation of the Fourteenth Amendment (Doc. 1 at p. 10);

6. Petitioner alleges that his trial counsel's performance was constitutionally defective because counsel failed to elicit any witness testimony at trial (Doc. 1 at p. 11);

7. Petitioner argues that his due process rights were violated when the state's attorney confused Petitioner's waiver of his right to a preliminary hearing in CR 2001-054754 with a waiver of that right in both CR 2001-006104 and CR 2001-005754, and Petitioner's trial counsel failed to object (Doc. 1 at p. 12);

8. Petitioner alleges violations of his due process rights and right to effective assistance of counsel based on the introduction of evidence of Petitioner's criminal history (Doc. 1 at p. 13-14); and

9. Petitioner alleges that his due process rights were violated by the trial court's reliance on prior convictions as an aggravating factor (Doc. 1 at p. 15).

## III. LEGAL ANALYSIS

### A. AEDPA's Statute of Limitations and Statutory Tolling

A threshold issue for the Court is whether the habeas petition is time-barred by the

- 6 -

statute of limitations. The time-bar issue must be resolved before considering other procedural issues or the merits of any habeas claim. *See White v. Klitzkie*, 281 F.3d 920, 921–22 (9th Cir. 2002). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs Petitioner's habeas petition because he filed it after April 24, 1996, the effective date of the AEDPA. *Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir. 2001) (citing *Smith v. Robbins*, 528 U.S. 259, 267 n.3 (2000)).

### 1.     One Year Limitations Period

Under the AEDPA, a state prisoner seeking federal habeas relief from a state court conviction is required to file the petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Petitioner was sentenced on February 22, 2002. The convictions were affirmed by the Arizona Court of Appeals on June 26, 2003. Under the Arizona Rules of Criminal Procedure, Petitioner had 30 days to obtain review in the Arizona Supreme Court plus an additional 5 days in which to file because the order was served by mail. *See* Ariz. R. Crim. P. 31.19(a); Ariz. R. Crim. P. 1.3(a); *Gonzalez v. Thaler*, 132 S.Ct. 641, 654 (2012) (AEDPA's statute of limitations commences upon the expiration of the time for seeking review of petitioner's judgment in a state's highest court); *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (applying the "anniversary method" of Rule 6(a) of the Federal Rules of Civil Procedure to calculate the expiration date of AEDPA's one-year statute of limitations).

Thus, Petitioner's conviction became final on July 31, 2003. The AEDPA statute thus began running the following day, on August 1, 2003, and expired one year later absent statutory or equitable tolling. *See* sections III(A)(2) & (3), *infra*.

### 2.     Statutory Tolling

Under the AEDPA, the one-year limitations period is tolled during the time that a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Lott v. Mueller*, 304 F.3d 918, 921 (9th Cir. 2002). A collateral review petition is

"properly filed" when its delivery and acceptance are in compliance with state rules governing filings. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *Orpiada v. McDaniel*, 750 F.3d 1086, 1089 (9th Cir. 2014) (court looked to Nevada state filing requirements in determining whether habeas petitioner's PCR petition was a "properly filed" application that is eligible for tolling). This includes compliance with filing deadlines. Hence, an untimely state collateral review petition is not "properly filed" and does not statutorily toll the statue of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (holding that "time limits, *no matter their form*, are 'filing' conditions," and that a state PCR petition is therefore not "properly filed" if it was rejected by the state court as untimely); *see also Allen v. Siebert*, 552 U.S. 3, 6–7 (2007) (finding that inmate's untimely state post-conviction petition was not "properly filed" under AEDPA tolling provision).

"When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace*, 544 U.S. at 414. Further, a second PCR proceeding that is deemed untimely does not toll the time between the first and second PCR proceedings. *Hemmerle v. Schriro*, 495 F.3d 1069, 1075 (9th Cir. 2007).

Petitioner timely filed his first notice for post-conviction relief timely on October 15, 2003, which was within 30 days of the mandate from direct appeal. *See* Ariz. R. Crim. P. 32.4(a). If the collateral review petition was "properly filed," then the Court must determine the dates it was "pending." In Arizona, a PCR petition becomes "pending" as soon as the notice of PCR is filed. *Isley v. Ariz. Dep't of Corrections*, 383 F.3d 1054, 1055-56 (9th Cir. 2004) ("The language and structure of the Arizona post-conviction rules demonstrate that the proceedings begin with the filing of the Notice."). It remains "pending" until it "has achieved final resolution through the State's post-conviction procedures." *Carey v. Saffold*, 536 U.S. 214, 220 (2002). This includes "[t]he time between (1) a lower state court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law." *Evans v. Chavis*, 546 U.S. 189, 191 (2006) (citing *Carey*, 536 U.S. 214).

Here, the one-year statute of limitations began running on August 1, 2003. The limitations "clock" continued to run uninterrupted until October 15, 2003—the date

Petitioner filed his PCR Notice.   *See Isley*, 383 F.3d at 1055-56; *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) ("AEDPA's statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first collateral challenge is filed because there is no case 'pending' during that interval."). The length of time between August 1, 2003, and October 15, 2013 (not including October 15, 2003) is 75 days. After subtracting 75 days from the one-year (365 day) limitations period, 290 days remained on the limitations "clock" in which to file a federal habeas petition.

On September 27 and 28, 2004, the trial court dismissed the PCR Petition as it pertained to both cases. Because Petitioner did not petition the Arizona Court of Appeals for review of the trial court's decision, AEDPA's limitations period recommenced on September 29, 2004.[3]   *See Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005), *as amended* 439 F.3d 993 (9th Cir. 2003) ("Under *Pace*, if a state court denies a petition as untimely, none of the time before or during the court's consideration of that petition is statutorily tolled."); *Thorson v. Palmer*, 479 F.3d 643, 646 (9th Cir. 2007) (untimely petition for review filed in California Supreme Court seeking review of California Court of Appeals' decision was not properly filed and the limitations period recommenced as of the date of the California Court of Appeals' decision) (citing *Bonner*, 425 F.3d 1149); *Gold v. Hennessy*, CR 04-1252-PHX-JAT, 2006 WL 1516009, at *4 (D. Ariz. May 30, 2006) ("It follows that if a petition is not timely filed, then the interval is not tolled.... Thus, an appeal that is never filed cannot be considered timely; Petitioner cannot reap the benefit of AEDPA's tolling mechanism without actually filing her petition for review of the PCR denial."); *Gildon v. Bowen*, 384 F.3d 883, 886 (7th Cir. 2004) (rejecting a habeas petitioner's argument that statutory tolling applied during the period in time in which he could have filed a petition for certiorari review in the U.S. Supreme Court regarding state court's denial of post-conviction relief; stating that "[b]ecause [petitioner] never filed a petition for certiorari review in the Supreme Court,

---

[3] The deadline for filing a Petition for Review was November 3, 2004. Ariz. R. Crim. P. 1.3(a); 31.9(c); *State v. Savage*, 573 P.2d 1388 (Ariz. 1978) (applying Rule 1.3(a) to Rule 32.9(c) deadline for petition for review from denial of motion for rehearing in PCR proceeding).

his potential certiorari petition was never 'properly filed.' ") (quoting *Gutierrez v. Schomig*, 233 F.3d 490, 492 (7th Cir. 2000)).[4]

Petitioner's subsequent PCR petition was untimely filed on January 22, 2013, and was filed after the statute of limitations ran; thus, it could not toll the statute. *See, e.g., Jimenez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

Because the limitations period recommenced on September 29, 2004 and there were 290 days remaining on the limitations "clock," Petitioner had until July 18, 2005, to file his federal habeas petition.[5] The September 15, 2015, Petition (Doc. 1) is untimely unless equitable tolling applies to toll the time between July 18, 2005, and September 15, 2015. *See* section III(A)(3), *infra*.

### 3. Equitable Tolling

Even though equitable tolling of AEDPA's statute of limitations is available in some extraordinary circumstances, Petitioner has not demonstrated entitlement to such relief. Petitioner has not alleged that he is entitled to equitable tolling (Doc. 1 at p. 17), nor does the Petition set forth grounds that would justify equitable tolling (*see* Doc. 1). Neither does the record reveal any reason warranting equitable tolling.

The AEDPA limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar. *See Holland v. Florida*, 560 U.S. 631, 645–46 (2010). However, for equitable tolling to apply, a petitioner must show "(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstances stood in his way" to prevent him from timely filing a federal habeas petition. *Id.* at 649 (quoting *Pace v. DiGuglielma*, 544 U.S. 408, 418 (2005)). "The diligence required for equitable

---

[4] Respondents calculate the statute of limitations allowing an extra 35 days for the never filed petition from review and mailing, but even as Respondent's calculated the tolling, the last day to file a habeas petition was August 19, 2005; this alternate calculation still does not make Petitioner's September 15, 2015, habeas petition timely (Doc. 15 at p. 14).

[5] The date 290 days from September 29, 2004 was Saturday, July 16, 2005. Thus, pursuant to Rule 12 of the Rules Governing Section 2254 Cases and Fed. R. Civ. P. 6(a)(1)(C), the deadline to file a habeas petition was extended to Monday, July 18, 2005.

- 10 -

tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (internal citations and quotations omitted).

Whether to apply the doctrine of equitable tolling "'is highly fact-dependent,' and [the petitioner] 'bears the burden of showing that equitable tolling is appropriate.'" *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005) (internal citations omitted); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006) ("Our precedent permits equitable tolling of the one-year statute of limitations on habeas petitions, but the petitioner bears the burden of showing that equitable tolling is appropriate."); *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (stating that equitable tolling is "unavailable in most cases," and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule") (citations and internal emphasis omitted). Petitioner must also establish a "causal connection" between the extraordinary circumstance and his failure to file a timely petition. *See Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1060 (9th Cir. 2007).

A petitioner's *pro se* status, indigence, limited legal resources, ignorance of the law, or lack of representation during the applicable filing period do not constitute extraordinary circumstances justifying equitable tolling. *See, e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."); *see also Ballesteros v. Schriro*, CIV-06-675-PHX-EHC (MEA), 2007 WL 666927, at *5 (D. Ariz. Feb. 26, 2007) (a petitioner's *pro se* status, ignorance of the law, lack of representation during the applicable filing period, and temporary incapacity do not constitute extraordinary circumstances). Further, a prisoner's "proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim." *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000). Nor do the circumstances of incarceration and the challenges inherent in such sufficient to establish equitable tolling. *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009

Here, the record indicates that Petitioner may not have received notice of the

initial denial of his PCR petition in September of 2004, but he did not inquire into the status of the petition for almost three years.  Thus, Petitioner did not exhibit the diligence required for equitable tolling.  Further, the trial court directly sent to Petitioner the July 31, 2007 notice of the state court denial of the PCR petition.  Even if the statute had been tolled until Petitioner was notified of the denial by the July 31, 2007 minute entry, Petitioner's habeas petition would have been due in mid-2008, and Petitioner waited an additional 6 years to file it.  Petitioner's alleged late notice of his PCR denial cannot account for this lengthy delay.  Thus, even if the Court were to find, which it does not on the record before it, that the statute was equitably tolled while Petitioner may have awaited notice of his PCR denial between September, 2004, and mailing of the July 31, 2007 minute entry with the PCR denials from 2004, the habeas petition would still be untimely.

Petitioner has failed to meet his burden of showing extraordinary circumstances or reasonable diligence that would justify equitable tolling.  Additionally, the record does not reveal any extraordinary circumstances that prevented Petitioner from filing a timely federal habeas corpus petition.  Because Petitioner has not presented circumstances and met his burden that would justify equitably tolling the AEDPA statute of limitations and there is no extraordinary circumstance reflected in the record which prevented the timely filing of a federal habeas corpus petition, the Petition is untimely and the Court will not consider Respondents' alternative grounds for denying habeas corpus relief.  *See White v. Klitzkie*, 281 F.3d 920, 921–22 (9th Cir. 2002) (whether a petition is barred by the statute of limitations is a threshold issue that must be resolved before considering other procedural issues or the merits of individual claims).

### IV.  CONCLUSION

Petitioner filed the Petition years after the expiration of the AEDPA statute of limitations.  Statutory and equitable tolling do not render the Petition timely.  Accordingly, the Petition is untimely under 28 U.S.C. § 2244(d)(1).

Because the Petition is untimely, the Court does not consider Respondents' alternative grounds for denying habeas corpus relief.  The Court will therefore

recommend that the Petition be denied and dismissed.

Assuming the recommendations herein are followed in the District Judge's judgment, the District Judge's decision will be on procedural grounds. Under the reasoning set forth herein, reasonable jurists would not find it debatable whether the District Court was correct in its procedural ruling. Accordingly, to the extent the Court adopts this Report and Recommendation as to the Petition, a certificate of appealability should be denied.

**IT IS THEREFORE RECOMMENDED that** the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER RECOMMENDED that** a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The parties shall have fourteen days within which to file responses to any objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determination of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ.

/ / /

P. 72.

Dated this 3rd day of January, 2017.

_____
Honorable Deborah M. Fine
United States Magistrate Judge